IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY ABELS, as Next Friend and
Guardian Ad Litem for JERRY HUNT,  )
                                   )
    Plaintiff,                     )
                                   )
VS.                                )   No. 1-04-1148-T-An
                                   )
GENE INDUSTRIES, INC., DUNCAN      )
ELECTRIC COMPANY, AND RENTAL       )
SERVICES CORPORATION,              )
                                   )
    Defendants.                    )

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

Plaintiff brought this action alleging negligence and strict liability when Jerry Hunt was severely injured while using a man lift that was designed, manufactured, and distributed by Defendant Genie Industries, Inc., and rented, leased, or otherwise distributed by Defendant Rental Services Corporation ("RSC"). Plaintiff files this motion to strike the seventh defense of RSC's answer to Plaintiff's amended complaint, which states:

> Pleading in the alternative, RSC avers that a cause in fact of the accident of July 7, 2003, was the negligence of Insulation Systems, Inc., of 165 Mt. Pleasant Road, Collierville, Tennessee 38017 in failing to properly supervise its employee, Jerry Hunt, by allowing him unauthorized access to the subject lift and/or allowing him to use the lift without proper training and supervision.

Plaintiff alleges that RSC seeks to reduce its liability under the doctrine of comparative fault by asserting that the negligent actions of non-party Insulations Systems, Inc. ("IS") caused

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 05-02-05

or contributed to the accident and Plaintiff's injuries. Plaintiff further argues that pursuant to Tenn. Code Ann. § 50-6-108(a) and <u>Ridings v. Ralph M. Parsons Co.</u>, 914 S.W.2d 79 (Tenn. 1996), the negligence of an employer, a co-employee, and/or a general contractor cannot be considered to reduce a defendant's liability. In response to this motion, RSC argues that it may present evidence that the actions of IS were a cause in fact of Plaintiff's injuries.

After <u>McIntyre v. Balentine</u>, 833 S.W.2d 52 (Tenn.1992), the Tennessee Supreme Court was faced with the issue of whether a non-party against whom the plaintiff could not legally maintain a cause of action in tort could nonetheless be apportioned a percentage of fault with the corresponding result of reducing the liability of other responsible defendants. In <u>Ridings v. Ralph M. Parsons Co.</u>, 914 S.W.2d 79 (Tenn. 1996), the court held that "fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort." <u>Id.</u> at 81. Therefore, since the plaintiff's employer could not be made a party to the plaintiff's tort action for personal injuries sustained in the course of his scope of employment, the rationale of <u>McIntyre</u> would not permit fault to be attributed to the plaintiff's employer. <u>Id.</u> at 82. The court concluded that the plaintiff's right to recover on allegations of negligence and strict liability must be determined without reference to the employer's conduct. <u>Id.</u> at 84.

The Tennessee Supreme Court clarified the issue of assignment of fault to non-parties in <u>Snyder v. LTG Lufttechnische GmbH</u>, 955 S.W.2d 252 (Tenn. 1997). In <u>Snyder</u>, the

2

United States District Court for the Eastern District certified the following question to the Tennessee Supreme Court:

> Whether products liability defendants in a suit for personal injuries based on allegations of negligence and strict liability in tort may introduce evidence at trial that the plaintiff's employer's alteration, change, improper maintenance, or abnormal use of the defendants' product proximately caused or contributed to the plaintiff's injuries.

Id. 253. The court determined that a products liability defendant in a suit for personal injuries based on allegations of negligence and strict liability in tort may introduce relevant evidence that the employer's alteration, change, improper maintenance, or abnormal use of the product was the cause in fact of the plaintiff's injuries. Id. at 255-56. The court held that the "jury may consider all evidence relevant to the actions of the employer with respect to the defendants' product in assessing whether the plaintiff has met his burden of establishing the elements necessary to recover against the defendants. However, in making that determination, the jury may not assess fault against the employer." Id.

> The jury should be instructed that it may consider the actions of the employer only in assessing whether the plaintiff has met his burden of establishing the elements necessary to recover against the defendants. Also, the jury should be instructed that it may not, in making that determination, assess fault against the employer. Finally, the trial judge should give an instruction that lets the jury know that the employer's legal responsibility will be determined at a later time or has already been determined in another forum.

Id.

Therefore, based on the holding in Snyder, this court determines that RSC should be allowed to allege as a defense that the negligence of IS was a cause in fact of Plaintiff's

3

injuries. Consequently, Plaintiff's motion to strike is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

2 May 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 1:04-CV-01148 was distributed by fax, mail, or direct printing on May 3, 2005 to the parties listed.

---

Marty R. Phillips
RAINEY KIZER REVIERE & BELL
209 E. Main St.
Jackson, TN 38302--114

Reggie E. Keaton
FRANTZ McCONNELL & SEYMOUR, LLP
P.O. Box 39
Knoxville, TN 37901

Robert Steve Beal
LAW OFFICES OF STEVE BEAL
22 Monroe Avenue
Lexington, TN 38351

William E. Godbold
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
801 Broad Street
Third Floor
Chattanooga, TN 37402

Charles O. McPherson
LEITNER WILLIAMS DOOLEY & NAPOLITAN
254 Court Ave.
Second Floor
Memphis, TN 38103

J. Randolph Bibb
BAKER DONELSON BEARMAN & CALDWELL
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Sandi L. Pack
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
Commerce Center
Suite 1000
211 Commerce St.
Nashville, TN 37201

Bradford D. Box
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT