IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY ABELS, as Next Friend and Guardian Ad Litem for JERRY HUNT, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 1:04-1148-T-An |
| GENIE INDUSTRIES, INC.; WHITE ELECTRICAL CONSTRUCTION COMPANY; and RENTAL SERVICES CORPORATION (a/k/a RSC), | ) ) ) ) ) | |
| Defendants. | ) | |

ORDER CERTIFYING QUESTIONS OF STATE LAW TO THE SUPREME COURT
OF TENNESSEE

Terry Abels ("Abels"), on behalf of Jerry Hunt ("Hunt"), filed a state law products liability action against Genie Industries, Inc., in federal court on July 6, 2004—on the eve of the one-year anniversary of Hunt's injuries. It was not until approximately six months later, on January 3, 2005, that Abels moved for leave to file an amended complaint naming, *inter alia*, Rental Service Corporation ("RSC") as an additional party defendant. The court granted leave to amend, and, on February 8, 2005, Abels filed an amended complaint adding negligence claims against RSC. RSC filed a motion for summary judgment arguing that the claims against it were barred by section 28-3-104 of the Tennessee Code Annotated. In response, Abels contended that both the "discovery rule" and Tennessee's legal disability

statute, TENN. CODE ANN. § 28-1-106, prevent the court from finding that the claims against RSC are time-barred.

The court finds that the resolution of the motion for summary judgment involves questions of two determinative issues of state law for which the decisions of the Supreme Court of Tennessee do not appear to provide controlling precedent. Accordingly, the court issues the following certification order pursuant to TENN. SUP. CT. R. 23, designating Rental Services Corp. as the "moving party."

## Statement of Facts

On July 7, 2003, Hunt sustained severe hypoxic brain injuries in the course of his employment while operating a "man lift" that was designed and manufactured by Defendant Genie Industries, Inc.. The Circuit Court of Hardin County, Tennessee, subsequently entered an order appointing Hunt's uncle and work-supervisor, Abels, as "Guardian Ad Litem" for Hunt. Although the impetus for the guardianship order appears to have been the need to obtain court approval of a workers' compensation settlement for Hunt, the order is unlimited, granting Abels "full authority to handle Mr. Hunt's financial affairs," and referring to Abels as Hunt's "agent." Abels, apparently considering himself bound by the provisions of TENN. CODE ANN. § 28-3-104, filed a products liability action on Hunt's behalf in this court on July 6, 2004— the eve of the one-year anniversary of Hunt's injuries.

It was not until January 3, 2005, approximately eighteen months after Hunt's injuries, that Abels moved for leave to amend the complaint to add RSC as an additional party

2

defendant. Although the motion was opposed on the ground that an amendment would be futile given TENN. CODE ANN. § 28-3-104, the court permitted the amendment. Subsequently, on February 8, 2005, Abels filed an amended complaint against RSC claiming that RSC had negligently handled the man lift and had failed to adequately warn Hunt of the lift's allegedly defective and unreasonably dangerous condition. RSC moved for summary judgment, once again raising the statute of limitations.

Abels offered two legal reasons[1] why the court should deny RSC's motion for summary judgment. First, Abels contended that Tennessee's legal disability statute tolled the running of the statute of limitations in this case because *Hunt* has been of "unsound mind" since his July 7, 2003, injury. Abels pointed out that the language of the legal disability statute, TENN. CODE ANN. § 28-1-106, tolls the running of the statute of limitations during a period of "unsound mind" that existed when the disabled person's cause of action accrued. Second, Abels asserted that the "discovery rule" applies in this case, and that *Hunt* did not discover, and could not have discovered, that he had a potential cause of action against RSC.

Anticipating these arguments, RSC took the position that the relevant actor in this

---

[1] Abels also submitted affidavits and other materials intended to demonstrate genuine issues of material fact as to whether (1) Abels discovered or could have discovered the potential cause of action against RSC within one year of the date of Hunt's injuries, and (2) whether Hunt is of "unsound mind" under Tennessee's legal disability statute, TENN. CODE ANN. § 28-1-106. For example, Abels submitted an affidavit attempting to show that RSC had refused to allow Abels's attorneys the opportunity to inspect the man lift and an Order Appointing Conservator attempting to show that Hunt has been of "unsound mind" since his 2003 injuries. (See Pl.'s Resp. to RSC's Mot. for Summ. J., Exs. 4 & E). Before considering these materials, however, the court must resolve the legal issues discussed in this certification order.

3

case is *Abels*. Abels began protecting Hunt's legal interests soon after Hunt's injuries in July of 2003. Abels was appointed *guardian ad litem* on October 16, 2003, and Abels initially filed this products liability action on July 6, 2004. According to RSC, the date of the initial filing demonstrated that Abels himself believed *he* was bound by a one-year time frame in the prosecution of Hunt's products liability lawsuit. Based on these factors, RSC submitted that Hunt's disability was "removed" as soon as Abels began acting on Hunt's behalf as legal guardian with respect to the claims arising out of the July 7, 2003, incident. Thus, Abels could not retroactively raise Hunt's legal disability to "toll" the statute of limitations. Alternatively, RSC claimed that, had *Abels* exercised due diligence, *Abels* could have "discovered" Hunt's potential cause of action against RSC within one year from the date of Hunt's injuries. Thus, Tennessee's "discovery rule" exception to the statute of limitations was inapplicable.

The parties clearly disagree over whether the court should assess *Hunt's* or *Abels'* mental state and diligence for purposes of the discovery rule. The parties further disagree over whether the court should hold that whatever disability Hunt may have had was "removed" by Abels' assumption of control over Hunt's products liability claims. Either or both of these issues are determinative of RSC's statute of limitations argument, and the court's decision on that issue is determinative of the entire case against RSC. Based on principles of comity and federalism, the court is of the opinion that the Supreme Court of Tennessee should have the first opportunity to clarify these issues of state law.

4

## Current State Law

### 1. *Discovery Rule*

Under Tennessee law, the "discovery rule" operates as an equitable doctrine that will prevent particular causes of action from "accruing," thus preventing the running of an otherwise applicable statute of limitations. See, e.g., Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 621 (Tenn. 2002). The person relying on the "discovery rule" must show, not only that he did not "discover" the particular cause of action within the limitations period, but also that a reasonable person, exercising due diligence, would not have discovered the cause of action. E.g. Terry v. Niblack, 979 S.W.2d 583, 586 (Tenn. 1998). In short, the discovery rule will save an otherwise time-barred claim only if "the plaintiff ha[d] no knowledge at all that a wrong ha[d] occurred, and, as a reasonable person [was] not put on inquiry." Roe v. Jefferson, 875 S.W.2d 653, 657 (Tenn. 1994).

Here, RSC proceeds under the assumption that the court should ask whether *Abels*, the plaintiff's guardian and "next friend," was aware of sufficient facts to put him on inquiry notice of a potential cause of action against RSC within the limitations period. Abels addresses that argument,[2] but he first argues that *Hunt* is the relevant "plaintiff." Neither party cites any Tennessee case addressing this issue. Furthermore, the court has been able to locate only one case out of all of the courts of the United States that addresses this precise

---

[2] Abels argues that his attorneys were not allowed to inspect the man lift until more than one year after the injuries. (Beal Aff. at 2, ¶ 6).

5

issue in similar factual circumstances. See Halbert v. Emch, C.A. No. L-84-310, C.P. No. CV 83-2348, 1985 Ohio App. LEXIS 7339, at *17–32 (holding, in a case involving Ohio's medical malpractice statute of limitations, that the state's "discovery rule" referred to the injured person and not to the representative plaintiff).

2. *Legal Disability Statute*

Tennessee's "legal disability" statute provides that:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

TENN. CODE ANN.§ 28-1-106. The language of the statute is not dispositive. The text makes clear that if, at the time of "accrual," a person is of "unsound mind," the statute of limitations is tolled. Moreover, the statute gives either the "unsound" person or his "representatives" the right to commence the action *after* the disability is removed. The statute, however, says nothing about what a court should do when a representative commences an action *before* the disability is removed; consequently, the statute neither mandates nor forecloses a reading that would find a disability "removed" once a legal guardian steps in to prosecute the injured person's legal rights arising out of a single incident.

6

Again, no controlling Tennessee precedent answers the question.[3] Brooks v. Gunn, 667 S.W.2d 499 (Tenn. Ct. App. 1984), is arguably on point. Brooks, however, is a decision of the Court of Appeals of Tennessee and does not necessarily represent the views of the Supreme Court of Tennessee. Also, Brooks dealt with the disability of minority, which, by its nature, will someday be "removed." Here, Abels claims that Hunt's "unsoundness" is permanent. Finally, Brooks, after citing a 1900 decision of the Tennessee Court of Chancery Appeals, simply declared that, "[i]f the statute has not run as to the minor's claim, *a fortiori*, it has not run against his present guardian." Brooks, 667 S.W.2d at 501. The court is uncertain whether the Supreme Court of Tennessee would adopt the reasoning of Brooks under the circumstances of this case in 2005.

### Certified Questions of State Law

Pursuant to Rule 23 of the Supreme Court of Tennessee, the following questions of state law are hereby certified to the Supreme Court of Tennessee:

> 1. Whether Tennessee's "discovery rule" exception to the accrual of a cause of action refers to the knowledge and diligence of the injured person or to the knowledge and diligence of a legal representative who has accepted responsibility for the injured person's tort claims arising out of a single incident?
>
> 2. Whether, under TENN. CODE ANN. § 28-1-106, the disability of "unsound mind" is "removed" when the injured person's legal representative accepts responsibility for the injured person's tort claims

---

[3] For an example of a state court that has addressed this legal issue, see Weaver v. Edwin Shaw Hosp., 819 N.E.2d 1079 (Ohio 2004).

arising out of a single incident?

The clerk is directed to serve copies of this order on counsel for all parties. The clerk is further directed to file this order, under seal of this court, with the Clerk of the Supreme Court of Tennessee in Nashville, along with proof of service.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_31 October 2005_
DATE

Appellate Court Clerk's Office

    Janice Rawls, Chief Deputy Clerk
    Middle Division
    Supreme Court Building
    401 7th Ave. North
    Nashville, TN 37219-1407

Counsel for Terry Abels and Jerry Hunt

    Marty R. Phillips
    Bradford D. Box
    RAINEY, KAIZER, REVIERE & BELL
    P.O. Box 1147
    209 East Main St.
    Jackson, TN 38302-1147
    (731) 423-2314

Robert Steve Beal
LAW OFFICES OF STEVE BEAL
32 Monroe Ave.
Lexington, TN 38351
(731) 968-0782

Counsel for Rental Service Corporation

William E. Godbold, III
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, P.L.L.C.
801 Broad St., Third Floor
Chattanooga, TN 37402
(423) 265-0214

Molly Glover
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, P.L.L.C.
254 Court Ave., Second Floor
Memphis, TN 38103
(901) 527-0214

Counsel for White Electrical Construction Company

Robert D. Flynn
SPICER, FLYNN & RUDSTROM
Brinkley Plaza
80 Monroe Ave., Suite 500
Memphis, TN 38103-2465
(901) 523-1333

Counsel for Genie Industries, Inc.

J. Randolph Bibb, Jr.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
Commerce Center, Suite 1000
211 Commerce St.
Nashville, TN 37201
(615) 726-5600

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 1:04-CV-01148 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

Marty R. Phillips
RAINEY KIZER REVIERE & BELL
209 E. Main St.
Jackson, TN 38302--114

Molly Glover
254 Court Ave.
Memphis, TN 38103

William E. Godbold
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
801 Broad Street
Third Floor
Chattanooga, TN 37402

Sandi L. Pack
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
Commerce Center
Suite 1000
211 Commerce St.
Nashville, TN 37201

Robert D. Flynn
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Robert Steve Beal
LAW OFFICES OF STEVE BEAL
22 Monroe Avenue
Lexington, TN 38351

J. Randolph Bibb
BAKER DONELSON BEARMAN & CALDWELL
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Bradford D. Box
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT